# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LATOYA SEALS WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION 09-00270-CG-B |
| ) | |
| CUNA MUTUAL GROUP, a/k/a, ) | |
| CUNA MUTUAL SOCIETY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Plaintiff's Motion to Remand. (Doc. 25). Upon review of the referenced motion and Defendant's brief in opposition, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be DENIED.

### I. Background

Plaintiff Latoya Seals Webb filed on April 8, 2009, a Complaint in the Circuit Court of Mobile County, Alabama, against CUNA Mutual Group, and/or CUNA Mutual Insurance Society (hereinafter "CUNA"). In the Complaint, Plaintiff alleges that she is the widow of Kenya D. Webb, who had a life insurance policy in full force and effect with CUNA at the time of his death. According to Plaintiff, she is listed as the beneficiary on the policy, and as such, she is entitled to the proceeds under the policy. Plaintiff argues that CUNA breached the terms of the policy by failing to pay the benefits to her, as beneficiary, upon

demand, following Mr. Webb's death. (Doc. 1-2).

On May 14, 2009, Defendant CUNA filed a Notice of Removal pursuant to 28 U.S.C. § 1331. Defendant contends this Court has federal jurisdiction over Plaintiff's claim based on diversity of citizenship. (Doc. 1). Defendant further avers that the amount in controversy exceeds $75,000 as the Accidental Death & Accidental Dismemberment Insurance policy at issue provides for benefits of $77,000, i.e. $2,000 in basic coverage and $75,000 in additional coverage in the event of an accidental death. (Doc. 1 at 2). Defendant attached a copy of the insurance policy as Exhibit 1 to its Notice of Removal. The page of the policy entitled "Certificate of Insurance" sets forth the amount of insurance payable as follows: a "basic amount" of $2,000 if the insured is under age 70, and an additional amount of $75,000 if the insured is under age 70. (Doc. 1-1 at 6). The Enrollment Form attached to the insurance policy lists Mr. Webb's date of birth as July 20, 1977. (Doc. 1-1 at 13).

Plaintiff filed an "Answer to Defendant's Notice of Removal" on May 15, 2009. (Doc. 8). In the "Answer," Plaintiff advises that on the same date, she filed an Amended Complaint in state court to reflect that she was seeking "no more than $75,000 in damages." In an Order dated May 18, Chief Judge Callie V. S. Granade observed that Plaintiff filed her Amended Complaint in state court, after the case had been removed, and held that since Plaintiff had not

sought to have the case removed, and Defendant had filed a responsive pleading, the Court would treat Plaintiff's "Answer" as a motion to amend the complaint. Defendant was given until May 26, 2009 to file any opposition to Plaintiff's Motion. (Doc. 10) Defendant filed a Response opposing Plaintiff's motion. (Doc. 11). In its Response, Defendant argues that there exist complete diversity of citizenship among the parties, and that the insurance proceeds insurance at issue total $77,000; thus, satisfying the jurisdictional threshold. Defendant also argues that Plaintiff's belated attempt to amend her Complaint, after removal, in an effort to defeat federal jurisdiction should be rejected because events occurring after removal which reduce the recoverable damages below the monetary threshold are not sufficient to divest the Court of its federal jurisdiction. (Doc. 11, 2-3).

In an Order entered on July 20, 2009 (Doc. 17), Chief Judge Granade held that ". . . as long as subject matter jurisdiction attached at the time of the removal, the plaintiff cannot later absolve that jurisdiction by waiver or amendment." (Doc 17 at 2). Accordingly, Chief Judge Granade held that Plaintiff could amend her Complaint; however, the amendment would not affect the Court's jurisdiction. (Doc. 17 at 2).

On September 30, 2009, Plaintiff filed a Motion to Remand. (Doc. 25). In her Motion, Plaintiff argues that this case should be remanded because her Amended Complaint places her damages at

$75,000. (Doc. 25) Defendant in turn filed a Response opposing Plaintiff's Motion on the ground that federal jurisdiction attached at the time of removal, and that post-removal events, such as amending the Complaint, cannot oust this Court's jurisdiction once it attaches. (Doc. 27).

**II. Statement of the Law.**

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441, and therefore must establish the existence of federal jurisdiction. See Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)("[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists")(citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

Federal Courts have limited subject matter jurisdiction, and are empowered to decide only certain types of cases. See Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). In particular, lower federal courts can hear only cases for which Congress has granted them jurisdiction. Once a federal court determines that no grant of jurisdiction applies in a particular case, it must immediately dismiss the case for lack of

jurisdiction. See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6(11th Cir. 2001).

Removal statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F. 3d 1092, 1095 (11th Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim")(citations omitted). In removal actions, the removing party bears the burden of establishing jurisdiction. Diaz v. Sheppard, 85 F. 3d 1502, 1505 (11th Cir. 1996). Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." Id. A defendant may remove an action from state court to federal court only if the action is one over which the federal court possesses subject-matter jurisdiction. See 28 U.S.C. § 1441(a).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). In cases where damages are not specified by Plaintiff, the removing party must establish the amount in controversy by a preponderance of the evidence. Lowery v. Alabama Power Co., 483 F.3d 1184, 1208-09, 1210 (11th Cir. 2007); See also Wallace v. Kentucky Fried Chicken, No. 08-248, 2008 U.S. Dist.

LEXIS 80151, at *10 (S.D. Ala. Oct. 9, 2008)(holding that the burden rests on the defendant to show by a preponderance of the evidence that the amount in controversy exceeds $75,000).

The Court in Lowery held that when a motion to remand is filed within 30 days of removal, the Court must review the propriety of removal on the basis of the removing documents. See Lowery v. Alabama Power Co., 483 F.3d at 1211. In that instance, if the jurisdictional amount is stated clearly on the face of the documents before the Court, or readily deducible from them, then the court has jurisdiction. If not, the Court must remand. Id. Thus, for challenges brought within 30 days, courts consider the notice of removal and accompanying documents, which must "unambiguously establish federal jurisdiction." Id. at 1213. However, in Lowery, the Court also explained that courts may consider other documents where a plaintiff does not challenge the removal on jurisdictional grounds until after judgment, or challenges removal before judgement but after the 30 day period has lapsed. Id. at 1214, n. 64. In such later challenges, the court is no longer considering the propriety of the removal, but whether subject matter jurisdiction exists, and so "the court may look to any relevant information that the parties may present, up until the time of the challenge to jurisdiction. Id. See also, Wallace v. Kentucky Fried Chicken, No. 08-248, 2008 U.S. Dist. LEXIS 80151 (S.D. Ala. October 9, 2008).

**III. Analysis**

In the present case, it is undisputed that minimal diversity exists. Plaintiff is a citizen of Alabama, and Defendant is incorporated in Iowa and has its principal place of business in Wisconsin. (Doc. 1-4). It is also undisputed that Defendant initiated this removal after receiving the Complaint without the benefit of receiving any "other paper" from Plaintiff, and that the face of the Complaint does not specify the total amount of damages sought for breach of the insurance contract. The issue then centers on whether Defendant has met its burden of proving the jurisdictional amount by a preponderance of the evidence.

As noted supra, in Plaintiff's original Complaint filed in state court, she did not specify the amount of damages sought. Instead, she asserted that she is entitled to the proceeds of Mr. Webb's life insurance policy, and demanded judgment ". . . in an amount in excess of the minimum jurisdictional limits of the court, plus interest, attorney's fees and costs." (Doc. 1-3 at 5). Defendant avers that the amount in controversy exceeds $75,000, exclusive of interest and costs because, in claiming entitlement to the proceeds of the insurance policy, Plaintiff is seeking the value of the policy, or $77,000. According to Defendant, the value of the CUNA insurance policy in which Latoya A. Seals is the named beneficiary is $77,000, which amount is calculated based upon $2000

in basic coverage and $75,000 in additional coverage because Mr. Webb was under age 70 at the time of his death. (Doc. 1-1 at 6-13).

Plaintiff does not dispute that the value of the insurance policy is $77,000, nor does she dispute that under the policy, the beneficiary is entitled to $77,000 in the event of the accidental death of the insured. Instead, Plaintiff argues that by virtue of the fact that she amended her Complaint so as to waive her right to receive in excess of $75,000, this Court is divested of jurisdiction.

Notwithstanding Plaintiff's arguments to the contrary, the undersigned finds that as required by Lowery, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff, in her original Complaint, sought the proceeds under the life insurance policy, and Defendant has presented the insurance policy which clearly reflects that the accidental death benefits payable under the policy are $77,000, an amount in excess of the jurisdictional limit of $75,000.

Plaintiff's assertion that this case should be remanded because her Amended Complaint makes clear that she is seeking less than the jurisdictional amount must fail. While Plaintiff did not specify a damage amount in her original Complaint, she clearly alleged that as Mr. Webb's beneficiary, she is entitled to the proceeds under his life insurance policy, which as noted supra,

Defendant has established as $77,000. Plaintiff's post-removal amendment, wherein she waives any and all other benefits, such as basic coverage, interest and costs, and expressly limits her claim for damages to $75,000 is not a clarification of the damages sought, but a clear attempt to reduce the damages initially sought, to a damage amount below the jurisdictional level, in an effort to circumvent this Court's jurisdiction. See Bankhead v. American Suzuki Motor Corporation, 529 F. Supp. 2d 1329, 1334 (M.D. Ala. 2008). ("Where, as here, 'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.'") The "existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Ferry v. Bekum Am. Corp., 185 F. Supp. 2d 1285, 1287-1288 (M.D. Fla. 2002); Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293, 58 S. Ct. 586, 592, 82 L.Ed. 845 (1938)("Events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his own volition, do not oust the district court's jurisdiction once it has attached." ; accord Poore v. American Amicable Life Ins. Co. Of Texas[1], 218 F.3d 1287, 1290-1291 (11th.

---

[1] In Poore, the Eleventh Circuit held that if a district court has subject matter jurisdiction over a diversity action at the time of removal, subsequent acts do not divest the court of its jurisdiction over the action. Thus, the plaintiffs' amendment of

Cir. 2000), overruled on other grounds. See also, Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002)(the critical time in a challenge to the subject matter jurisdiction of the district court is the date of removal, and subsequent events, even the loss of the required amount in controversy, does not divest the court of jurisdiction). Because subject matter jurisdiction attached at the time of removal based upon Plaintiff's original Complaint, and the insurance policy, Plaintiff's Amended Complaint, which was filed *after* the case was properly removed, does not deprive this Court of jurisdiction.

**IV. Conclusion**

Construing the removal statue strictly and resolving all doubts in favor of remand, in accordance with University of South Alabama, 168 F.3d at 411, the court finds that Defendant has established the propriety of removal under 28 U.S.C. § 1441, and has established the existence of federal jurisdiction. Accordingly, the undersigned **RECOMMENDS** that the Motion to Remand this case to the Circuit Court of Mobile County, Alabama is due to be **DENIED**.

---

their complaint to reduce the amount in controversy was not sufficient to divest the court of diversity jurisdiction. 218 F.3d at 1290-1291.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **7th day of January, 2010.**

                         **/s/ SONJA F. BIVINS**
                     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen** days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[2]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14)days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**